## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARK POPE, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | File No. _____ |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| PARK SPRINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Mark Pope files this Complaint for Equitable Relief and Damages against Defendant Park Springs, LLC ("Park Springs") showing the Court the following:

### INTRODUCTION

1.     Mr. Pope is a former employee of Defendant, having worked for Defendant from September 2018 through May 1, 2020.

2.     Mr. Pope asserts claims for race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), race discrimination under 42 U.S.C. § 1981 ("Section 1981"), and discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA").

3.     Mr. Pope seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, compensatory damages, punitive damages, liquidated damages, and attorney's fees and costs of litigation.

### Jurisdiction and Venue

4.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

5.     Venue is proper in this district and division under 28 U.S.C. § 1391(b), because the Defendant resides in the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

### Exhaustion of Administrative Remedies

6.     On September 2, 2020, Mr. Pope filed a charge – Charge No. 410-2020-05679 – with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which he complains.

7.     In the charge, Mr. Pope alleged discrimination and retaliation on the basis of race and discrimination on the basis of age.

8.     The EEOC issued Mr. Pope a Dismissal and Notice of Rights dated August 18, 2021.

9.      Mr. Pope and Park Springs entered into consecutive tolling agreements that extended the statute of limitations for Mr. Pope's Title VII claims and ADEA claims to April 14, 2022.

10.     Mr. Pope files this lawsuit within the tolling period.

11.     Mr. Pope's Title VII and ADEA claims are timely filed.

12.     Mr. Pope has exhausted the administrative prerequisites to the filing of his Title VII and ADEA claims.

## The Parties

13.     Mr. Pope is a citizen of the United States and a resident of the State of Georgia.

14.     Defendant Park Springs is a domestic limited liability corporation registered and licensed to do business in the State of Georgia and transacts business in the Northern District of Georgia.

15.     Defendant is an employer engaged in commerce or in an industry affecting commerce within the meaning of Title VII.

16.     Defendant has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

17.     At all relevant times, Park Springs was Mr. Pope's employer, and Mr.

Pope was Park Springs's employee, within the meaning of Title VII and the ADEA.

18.     Defendant is subject to the Court's jurisdiction and may be served with process through its registered agent for service of process, E. Andrew Isakson, at 500 Springhouse Circle, Stone Mountain, GA, 30087.

## Statement of Facts

19.     Mr. Pope is a sixty-one-year-old Black man.

20.     Mr. Pope began employment with Defendant in September 2018.

21.     Mr. Pope has three college-level degrees, including an MBA in management, and over thirty years of management-level experience, including twelve years of experience at the Director level.

22.     At all times relevant to this matter, Mr. Pope was Park Springs's Director of Environmental Services.

23.     At all times relevant to this matter, Mr. Pope and Park Springs were parties to a contract of employment under which Mr. Pope worked for Park Springs and Park Springs compensated Mr. Pope for his work.

24.     Mr. Pope performed his contractual obligations by working for Park Springs.

25.     Mr. Pope is ten to fifteen years older than the other Director-level

employees at Park Springs.

26.     During his employment with Park Springs, Mr. Pope discovered that he was being paid less than his younger co-workers.

27.     During his employment with Park Springs, Mr. Pope discovered that he was being paid less than his white and Latino co-workers were being paid.

28.     Emrith Hodge, a Black man over fifty years old, was Park Springs's Security Manager but was terminated on May 30, 2020.

29.     Mr. Hodge's replacement was significantly younger than Mr. Hodge.

30.     Mr. Pope's predecessor in his role, Raymond Previto, is a white male.

31.     Mr. Pope performed the exact same job responsibilities Mr. Previto performed in the same role.

32.     Mr. Pope was paid substantially less than Mr. Previto was paid.

33.     Mr. Previto was paid $85,435.62 at the time of his retirement.

34.     Mr. Pope had significant experience at the Director level but was hired at an annual salary of $53,336.00.

35.     The Director of Plant Operations, Rafael Estrada, is Latino.

36.     The job duties of the Mr. Pope's Director of Environmental Services position were virtually indistinguishable from the job duties of Director of Plant

Operations position held by Mr. Estrada for which Mr. Estrada was compensated more that Mr. Pope.

37.     Mr. Pope has more education and more experience than Mr. Estrada.

38.     In 2019, Mr. Pope received only a 3% raise, and Mr. Estrada received a 22% raise.

39.     After these respective pay raises, Mr. Pope made approximately half the salary Mr. Estrada made.

40.     Mr. Pope formally complained to his direct supervisor, Mr. Jeffrey Helms, about the pay disparities.

41.     Mr. Helms promised to look into the issue but did nothing.

42.     Despite its knowledge of the discriminatory pay disparities and of Mr. Pope's complaint, Defendant did not take reasonable measures to investigate and correct the disparities.

43.     During Mr. Pope's employment at Park Springs, five African American managers were terminated.

44.     Only one white manager was terminated during the same time period.

45.     On May 1, 2020, Defendant terminated Mr. Pope's employment.

46.     Mr. Pope filed a charge of discrimination with the EEOC on September

2, 2020 alleging discrimination and retaliation on the basis of race and discrimination on the basis of age.

47.     Defendant terminated Mr. Pope's employment because of his race and his age.

48.     Defendant's stated reason for terminating Plaintiff's employment is pretext for discrimination.

49.     After Park Springs terminated Mr. Pope's employment, it downgraded the Environmental Services position from a Director position to a Manager position.

50.     The employee currently holding the Environmental Services position is also a Black man and is also paid less than half what Mr. Estrada is paid.

51.     In discriminating against Mr. Pope in violation of the ADEA, Title VII, and 42 U.S.C. § 1981, Defendant acted willfully, wantonly, and intentionally to harm Mr. Pope and his federally protected rights.

52.     Additionally, and in the alternative, Defendant acted with reckless disregard for Mr. Pope and his federally protected rights.

53.     The effect of Defendant's above-stated actions has been to deprive Mr. Pope of employment opportunities, income in the form of wages, and prospective employment benefits, including social security and other benefits to which he would

have been entitled but for Defendant's illegal actions.

54.     The effect of Defendant's above-stated actions has also been to cause
Mr. Pope to suffer out-of-pocket losses and mental and emotional distress for which
he seeks redress.

**COUNT I**
**Discrimination in Violation of Title VII of the Civil Rights Act of 1964,**
**as Amended, 42 U.S.C. § 2000e *et seq.***

55.     Mr. Pope incorporates by reference all preceding paragraphs of the
Complaint.

56.     Mr. Pope is an "employee" as defined by Title VII, 42 U.S.C. § 2000e
*et seq*.

57.     Park Springs is an "employer" as defined by Title VII, 42 U.S.C. §
2000e *et seq*.

58.     Defendant discriminated against Mr. Pope when it paid Mr. Pope
substantially less than it paid other employees because of his race.

59.     Defendant also terminated Mr. Pope's employment because of his race.

60.     Defendant's stated reason for terminating Mr. Pope's employment is
pretext for racial discrimination.

61.     Defendant's discriminatory treatment of Mr. Pope violated Title VII.

62.     Defendant's actions were willful, deliberate, and intended to cause Mr. Pope harm and/or were committed with reckless disregard for the harm caused to him and were in derogation of his federally protected rights.

63.     As a direct and proximate result of Defendant's actions, Mr. Pope has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

64.     Pursuant to Title VII, Mr. Pope is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT II
## Discrimination in Violation of 42 U.S.C. § 1981

65.     Mr. Pope incorporates by reference all preceding paragraphs of the Complaint.

66.     42 U.S.C. § 1981's prohibition on race discrimination in the making or enforcement of contracts applies to Mr. Pope's employment contract with Defendant.

67.    Defendant's stated reason for paying Mr. Pope less than his comparators and terminating Mr. Pope's employment is pretext for racial discrimination.

68.    Defendant's failure to pay Mr. Pope consistent with his comparators and termination of Mr. Pope violated 42 U.S.C. § 1981.

69.    Defendant acted with malice toward Mr. Pope.

70.    Additionally and in the alternative, Defendant acted with reckless disregard for Mr. Pope's federally protected rights.

71.    As a direct and proximate result of the Defendant's actions, Mr. Pope has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

72.    Mr. Pope is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988, and all other relief recoverable under Section 1981.

<u>**COUNT III**</u>
<u>**Discrimination in Violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*.**</u>

73.    Mr. Pope incorporates by reference all preceding paragraphs of the

Complaint.

74.     Defendant discriminated against Mr. Pope and paid him less because of his age, in violation of the ADEA.

75.     Defendant terminated Mr. Pope's employment because of his age, in violation of the ADEA.

76.     Defendant's discriminatory acts were willful within the meaning of the ADEA.

77.     Pursuant to the ADEA, Mr. Pope is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, attorney's fees and costs of litigation, and all other relief recoverable under the ADEA.

78.     Because Defendant's discriminatory acts were willful within the meaning of the ADEA, Mr. Pope is entitled to liquidated damages under 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

(a)     A declaration that Defendant has violated the rights of Mr. Pope under the federal statutes listed above;

(b)     A permanent injunction against Defendant enjoining Defendant from further violations of the federal statutes listed above;

(c)     Judgment in Mr. Pope's favor and against Defendant under all counts of this Complaint;

(d)     An order that Defendant make Mr. Pope whole by providing for his out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, taking into account all raises to which Mr. Pope would have been entitled, together with interest thereon, all in an amount to be proven at trial;

(e)     Order that Mr. Pope be reinstated or, in the alternative, be awarded front pay;

(f)     Grant to Mr. Pope compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(g)     Grant to Mr. Pope punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant for its

conduct toward Mr. Pope and deter Defendant from similar conduct in the future for Defendant's willful and intentional violations of federal law;

(h)     Grant to Mr. Pope liquidated damages owed to him;

(i)      Grant to Mr. Pope a trial by jury on all issues so triable;

(j)      Grant to Mr. Pope his reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(k)     Grant such additional monetary and equitable relief as the Court deems proper and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 11th day of April, 2022,

**LEGARE, ATTWOOD & WOLFE, LLC**

**<u>Cheryl B. Legare</u>**
Cheryl B. Legare
Georgia Bar No. 038553
cblegare@law-llc.com
Camille D. Jones
Georgia Bar No. 612930
cdjones@law-llc.com

125 Clairemont Ave, Suite 380
Decatur, Georgia 30030
Tel: (470) 823-4000
Fax: (470) 201-1212
Counsel for Plaintiff

-13-