UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK POPE,<br><br>      Plaintiff,<br><br>v.<br><br>PARK SPRINGS, LLC,<br><br>      Defendant. | CIVIL ACTION NO.<br>1:22-CV-01395-JPB |

**ORDER**

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 71]. This Court finds as follows:

**FACTS AND PROCEDURAL HISTORY**

This case arises out of Mark Pope's ("Plaintiff") employment with Park Springs, LLC ("Defendant") where Plaintiff worked as the Director of Environmental Services from August 2018 until he was terminated on May 30, 2020. In that role, Plaintiff was responsible for overseeing a team of approximately twenty-five housekeepers, maintaining housekeeping supplies and responding to complaints about housekeeping.

Plaintiff filed suit against Defendant on April 11, 2022, alleging the following causes of action: (1) discrimination in violation of Title VII of the Civil

Rights Act of 1964; (2) discrimination in violation of 42 U.S.C. § 1981; and (3) discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). [Doc. 1]. In short, Plaintiff contends that Defendant discriminated against him based on his race and age by paying him less than a similarly situated employee ("Pay Claims") and by terminating his employment ("Termination Claims").

Defendant filed a Motion for Summary Judgment on September 20, 2023. [Doc. 53]. On January 4, 2024, United States Magistrate Judge Catherine M. Salinas issued a Final Report and Recommendation wherein she recommended granting Defendant's motion. [Doc. 71]. As to Plaintiff's Pay Claims, the Magistrate Judge determined that Defendant was entitled to summary judgment because Plaintiff failed to identify a similarly situated comparator. Notably, the Magistrate Judge also determined that Plaintiff presented no evidence which would allow a jury to infer intentional discrimination. As to the Termination Claims, the Magistrate Judge concluded that summary judgment was appropriate because Plaintiff failed to meet his burden to show pretext.

On January 18, 2024, Plaintiff filed objections to the Report and Recommendation. [Doc. 73]. Thereafter, on February 1, 2024, Defendant filed a response to Plaintiff's objections. [Doc. 74]. The matter is now ripe for review.

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard.  Notably, a party objecting to a recommendation "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.'"  United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## DISCUSSION

Discrimination claims—whether they are brought pursuant to Chapter VII, § 1981 or the ADEA—are analyzed in the same manner.  "In order to survive summary judgment, a plaintiff alleging intentional discrimination must present sufficient facts to permit a jury to rule in [his] favor."  Lewis v. City of Union City,

3

918 F.3d 1213, 1220 (11th Cir. 2019) (en banc).  The most common method of showing intentional discrimination is "the burden-shifting framework set out in McDonnell Douglas."[1]  Id.  When proceeding under that framework, the plaintiff bears the initial burden to establish a prima facie case of discrimination by showing the following:  (1) that he belongs to a protected class; (2) that he experienced an adverse employment action; (3) that he was qualified to perform the job; and (4) that his employer treated "similarly situated" employees outside his class more favorably.  Id. at 1220–21.  "If the plaintiff succeeds in making out a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions."  Id. at 1221 (emphasis omitted).  If the defendant is able to identify a legitimate and nondiscriminatory reason, then the plaintiff must demonstrate "that the defendant's proffered reason was merely a pretext for unlawful discrimination."  Id.  Notably, this is merely an evidentiary framework and not a set of elements that the employee must prove.  Tynes v. Fla. Dep't of Juvenile Justice, 88 F.4th 939, 941 (11th Cir. 2023); see also Berry v. Crestwood Healthcare LP, 84 F.4th 1300, 1310 (11th Cir. 2023) (stating that the framework is not an inflexible rule and simply a tool that helps an employee prove discrimination with circumstantial evidence).

---

[1] See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–05 (1973).

A plaintiff is not limited to the burden-shifting framework described above. Indeed, a plaintiff may survive summary judgment by presenting "circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011). "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." Id. (quotation and citation omitted).

Under either of the methodologies identified above and regardless of how the parties characterize the analysis, "the ultimate question in a discrimination case is whether there is enough evidence to show that the reason for an adverse employment action was illegal discrimination." Tynes, 88 F.4th at 941. It is this question that must be answered "no matter how an employee presents [his] circumstantial evidence." Berry, 84 F.4th at 1311.

Plaintiff raises three objections to the Report and Recommendation. First, Plaintiff asserts that the Magistrate Judge erred by concluding that Rafael Estrada—the Plant Operations Director—and Plaintiff are not valid comparators. Second, Plaintiff claims that the Magistrate Judge erred because she did not address pretext with respect to his Pay Claims. Third, Plaintiff contends that the

Magistrate Judge improperly concluded that he did not establish pretext with respect to his Termination Claims. The objections are discussed below.

1. **Estrada and Plaintiff as Comparators**

In the Report and Recommendation, the Magistrate Judge determined that summary judgment should be granted in favor of Defendant because Plaintiff failed to establish a prima facie case as to his Pay Claims. Specifically, the Magistrate Judge found that Plaintiff's prima facie case was lacking because Plaintiff failed to identify a proper comparator.

The Eleventh Circuit Court of Appeals has held that an alleged comparator must be "similarly situated in all material respects." Lewis, 918 F.3d at 1226–28. Courts must apply this standard on a "case-by case basis, in the context of individual circumstances" considering, among other things, whether the comparator and plaintiff "engaged in the same basic conduct," "have been subject to the same employment policy," "ordinarily have been under the jurisdiction of the same supervisor" and share similar employment or disciplinary history. Id. at 1227–28.

In this case, Plaintiff contends that Estrada is a proper comparator. The Court, however, agrees with the Magistrate Judge that Estrada is not similarly situated in all material respects. Indeed, Plaintiff's employment with Defendant

6

involved supervising housekeepers and maintaining housekeeping supplies while Estrada's pertained to overseeing Defendant's fire systems, plumbing, electricity, carpentry and painting needs. These different job duties are enough, in and of themselves, to warrant a finding that the two are not similarly situated in all material respects. In addition to these different job duties, Estrada also had partial responsibility for a multi-million-dollar budget for his department whereas Plaintiff had no budgetary duties. Ultimately, the Court finds that the Magistrate Judge did not err in determining that Estrada was not a proper comparator.

Even though the Magistrate Judge did not err in finding that Estrada and Plaintiff were not similarly situated in all material respects, the Court is concerned that summary judgment based on this reason alone would be improper. The Eleventh Circuit recently held that establishing the prima facie case was "never intended" to be the "*sine qua non* for a plaintiff to survive a summary judgment motion." Tynes, 88 F.4th at 945. The court also noted that "the plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case" and that "the analysis turns on the substantive claims and evidence in the case, not the evidentiary framework." Id. at 946–47.

After careful review, the Court declines to adopt the Report and Recommendation's determination that Plaintiff's failure to make out his prima

facie case entitles Defendant to summary judgment. While Defendant is not entitled to summary judgment on this basis alone, summary judgment is nevertheless proper because Defendant presented legitimate, nondiscriminatory reasons for its actions and Plaintiff failed to demonstrate that those reasons were merely a pretext for unlawful discrimination. Importantly, Plaintiff failed to present evidence for a reasonable jury to infer that the reason for the adverse employment action was illegal discrimination.[2]

### 2. Pretext as to Plaintiff's Pay Discrimination Claims

In his next objection, Plaintiff contends that the Magistrate Judge failed to address pretext with respect to his Pay Claims. Plaintiff is mistaken because the Magistrate Judge did address pretext. Indeed, the Magistrate Judge stated the following:

> [E]ven if [Plaintiff] had identified a valid comparator, his pay claims would still fail. [Defendant] has come forward with race- and age-neutral reasons for its pay decisions, i.e., that Estrada and [Plaintiff] had different job duties, and Estrada, unlike [Plaintiff], threatened to quit his job unless he received a pay raise, while providing written justification for the pay raise. The Eleventh Circuit requires a plaintiff to rebut each of the defendant employer's proffered nondiscriminatory reasons to show pretext. [Plaintiff] has not shown that [Defendant's] contention that [Plaintiff] and Estrada performed different duties is false; in fact, he admitted that he was the only one who

---

[2] The Magistrate Judge made these findings, and Plaintiff did not object to them. See [Doc. 71, p. 21 n. 4, n.5].

> performed his job duties. Moreover, [Plaintiff] admitted that he did not threaten to quit and that he did not present Helms with written justification for his raise.

[Doc. 71, p. 21 n.5] (citations omitted). Thus, it is apparent to the Court that the Magistrate Judge considered the issue of pretext as to Plaintiff's Pay Claims. To the extent that Plaintiff argues that the Magistrate Judge erred for failing to consider pretext as to the Pay Claims, the objection is **OVERRULED**.

### 3. Pretext as to Plaintiff's Termination Claims

Plaintiff asserts that the Magistrate Judge erred in concluding that the reasons given for Plaintiff's termination were not pretextual. First, Plaintiff argues that the Magistrate Judge applied the wrong standard. Second, Plaintiff contends that the Magistrate Judge erred because Defendant's purported reasons for termination were false. The Court is not persuaded that the Magistrate Judge erred.

Where an employer offers a legitimate, nondiscriminatory reason for an adverse employment action, the employee must prove that the employer's proffered reason was a pretext for discrimination. "Pretext means that the reason given by the employer was not the real reason for the adverse employment decision." Gilliard v. Ga. Dep't of Corr., 500 F. App'x 860, 864–65 (11th Cir. 2012). "[A] reason cannot be proved to be a 'pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real

reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993) (emphasis omitted). "In this respect, conclusory allegations or unsupported assertions of discrimination, without more, do not raise an inference of pretext where an employer has offered extensive evidence of legitimate, nondiscriminatory reasons for its actions." Gilliard, 500 F. App'x at 865. Importantly, a plaintiff must meet the proffered reason for the adverse action "head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman v. Al Transp., 229 F.3d 1012, 1030 (11th Cir. 2000). "A plaintiff will withstand summary judgment by demonstrating 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'" Gilliard, 500 F. App'x at 865 (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997)).

In this case, Defendant offered the following reasons for terminating Plaintiff's employment: (1) an influx of complaints regarding housekeeping in 2020; (2) removal of an employee from a security shift without securing a backup; (3) complaints that Plaintiff was rude during a meeting with other employees; (4) inappropriate conversation with another employee about a promotion; (5) failure to participate in game nights; (6) complaints that Plaintiff failed to pick up and

deliver meals; (7) complaints from other employees; and (8) failure to notify members of an upcoming National Guard visit.

Plaintiff contends that the Magistrate Judge erred because she required Plaintiff to rebut every single reason given by Defendant for the termination. In Plaintiff's view, "[w]hen a plaintiff's evidence sufficiently shows that at least one of the defendant-employer's explanations is pretextual, then the plaintiff has presented sufficient evidence of unlawful discrimination to have the jury decide the case." [Doc. 73, p. 13]. The problem with Plaintiff's argument is that Plaintiff failed to show that *any* of Defendant's reasons for Plaintiff's termination were pretextual or untrue. For instance, the record demonstrated complaints about housekeeping and complaints from other employees. Moreover, the uncontroverted evidence showed that Plaintiff removed the employee from the security shift without providing a backup. Lastly, the undisputed evidence also showed multiple failures, including the failure to (1) participate in game nights; (2) pick up and deliver meals; and (3) notify members of an upcoming National Guard visit.

After considering the entire record, this Court finds that Plaintiff has not met Defendant's reasons head on, and as stated previously, an "employee cannot succeed by simply quarreling with the wisdom of that reason, or showing that the

11

decision was based on erroneous facts." See Snowden v. City of Daphne, 283 F. App'x 693, 695 (11th Cir. 2008).  Because Plaintiff has not demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence," this Court agrees with the Magistrate Judge's conclusion that Plaintiff cannot show pretext.  See Gilliard, 500 F. App'x at 865.  Accordingly, the Court **OVERRULES** Plaintiff's final objection.

Ultimately, Plaintiff's Termination Claims cannot survive summary judgment under McDonnell Douglas or otherwise.  Here, Plaintiff failed to point to any evidence which would allow a reasonable factfinder to infer that he was fired because of his race or age.  See Tynes, 88 F.4th at 947.[3]  In fact, the record shows just the opposite.  The undisputed evidence in this case demonstrates that Plaintiff's interactions with Defendant were friendly and professional and that he never experienced or heard any race- or age-based comments, jokes or slurs during his employment.

---

[3] The Court notes that Plaintiff did not argue that he presented a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.

## CONCLUSION

After reviewing the entirety of the Final Report and Recommendation and considering Plaintiff's objections, the Final Report and Recommendation [Doc. 71] is **ADOPTED IN PART** as the order of this Court.  For the reasons stated by the Magistrate Judge and the reasons discussed herein, Defendant's Motion for Summary Judgment [Doc. 53] is **GRANTED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 5th day of September, 2024.

_____
J. P. BOULEE
United States District Judge